# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 15, 2010

Lyle W. Cayce
Clerk

No. 10-20213
Summary Calendar

WILLIAM A. BROWN,

Plaintiff – Appellant

v.

HARRIS COUNTY, TEXAS,

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-07-0644

Before HIGGINBOTHAM, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

After being charged with unlawful possession of a controlled substance and unable to post bail, plaintiff-appellant William A. Brown was booked into the Harris County Jail at 1200 Baker Street in Houston, Texas.  Brown was placed with approximately 70 other inmates in a general population cellblock known as the "6C2 dorm," which consists of a control center connected to a day room and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20213

six adjoining cells. Sitting in the control center, a deputy can observe the entire cell block except for a three-foot toilet area.

Brown asserts that he was targeted by the other inmates because he was a "middle aged, clean-cut, well educated white male of medium build." On the morning of March 8, 2005, Brown told the deputy working in the control center, Sarah Andrews, that he was having "problems" with the other inmates. Andrews responded by advising Brown to move his mattress into the day room, where he would be directly in her line of sight at all times.

Despite this precaution, Brown was attacked that afternoon in a particularly brutal sexual assault. The assault took place shortly after Deputy Andrews's shift ended at 2:00 pm, and it apparently went unseen by the deputy who relieved her. Jail officials learned of the assault only upon finding Brown injured during a routine inmate check at approximately 2:30 pm. Although Harris County officials conducted a full investigation, they ultimately were unable to identify the inmates responsible for the attack or to determine how the attack went unnoticed, in part because Brown's account of the attack was inconsistent with the physical evidence that officials were able to collect.

Brown subsequently brought this lawsuit alleging that jail officials violated his constitutional rights and 42 U.S.C. § 1983 by failing to protect him from attack by the other inmates. He also brings a claim under the Texas Tort Claims Act for "premises defects that posed an unreasonable risk of harm" because the jail was allegedly overcrowded and understaffed. The defendants named in the complaint include Harris County, the County sheriff, Deputy Andrews, and several unidentified deputies. Brown's claims against the individual defendants were dismissed for failure to make timely service, leaving

No. 10-20213

only the claims against the County.  In a thorough opinion, the district court granted summary judgment for the County.  For the reasons below, we affirm.

As a pretrial detainee, Brown's constitutional claims arise under the Due Process Clause of the Fourteenth Amendment, which—like the Eighth Amendment—places a duty on the State to protect against harm to persons in its confinement.[1]  In a case alleging an "episodic act or omission" of a jail official, the plaintiff must show that the official acted with deliberative indifference to the detainee's rights.[2]  Deliberate indifference requires a showing of "subjective recklessness as used in the criminal law," meaning that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[3]  Moreover, to prevail on a claim against the County, Harris must show "a policy, custom, or rule (or lack thereof) of the [County] that permitted or caused the act or omission."[4]  There must be a "direct causal link" establishing that "an official policy promulgated by the [County's] policymaker was the moving force behind, or actual cause of, the constitutional injury."[5]

The district court correctly held that Brown has failed to show deliberate indifference by any jail official.  Although Deputy Andrews was subjectively

---

[1] *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc).

[2] *Id.* at 636 (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

[3] *Farmer*, 511 U.S. at 837, 839–41.

[4] *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc).

[5] *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009).

aware that Brown faced a risk of harm from other inmates after he came to her with his concerns, a reasonable jury could not find that she was deliberately indifferent because she responded appropriately by having Brown move his mattress to the part of the cell where she could observe him best. Deputy Andrews apparently either forgot or declined to relay Brown's concerns to the deputy who relieved her, but even assuming that there was reason to do so—a questionable assumption, given that Brown had expressed only a vague fear of "problems" with other inmates and that Andrews did not observe anything unusual during her shift—this was at most simple negligence, not deliberate indifference.[6] A jury likewise could not find deliberate indifference by the deputy in the control room during the afternoon shift because Brown has offered no evidence that this deputy was subjectively aware of any threat of attack against Brown.[7]

The record further reflects that Harris County took significant steps to protect inmate safety. 1200 Baker Street is a modern "In-Direct Observation" facility, where deputies oversee inmates from control centers that present a direct line of sight to nearly the entire cellblock. Inmates who pose special risks or face special threats due to their physical health, mental health, or sexuality

---

[6] Deliberate indifference "is a degree of culpability beyond mere negligence or even gross negligence; it 'must amount to an intentional choice, not merely negligent oversight.'" *James*, 577 F.3d at 617–18 (quoting *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992)).

[7] We do not meant to condone what happened to Brown or to suggest that jail officials have no duty to protect the inmates in their custody from assault by other inmates. But maintaining safe and orderly prison is a difficult task, and even the most vigilant oversight may not be able to prevent every incident. We therefore allow claims against prison officials only if there is a clear and substantial showing of fault, as reflected by the deliberate indifference requirement. Whatever mistakes might have occurred in Brown's case, he has not offered evidence that can meet this very demanding legal standard.

4

are housed in separate cellblocks apart from the general population. Each report of sexual assault results in a full investigation, which includes collection and testing of any DNA evidence.

We also agree with the district court that Brown has failed to offer evidence capable of showing that his assault was the product of any custom, policy, or rule. Brown contends that Harris County had a custom of operating overcrowded jails, although much of his evidence is outdated and is not specific to the facility where he was housed. Even if there were customary overcrowding at 1200 Baker Street that policymakers purposefully chose to overlook, Brown has offered no competent evidence to show that sexual assault is a "known or obvious consequence" of prison overcrowding or that overcrowding was the "moving force" behind the assault he suffered.[8] To the contrary, the record shows that sexual assaults were not common at 1200 Baker Street. The jail had been in operation for 26 months before Brown was assaulted, with an average daily population of approximately 3,000 to 3,200 inmates. During this time, there were only 31 reports of sexual assault, 21 of which were determined to be unfounded and only two of which could be confirmed.[9] None of the 31 prior reports concerned any of the inmates housed in cellblock 6C2. This evidence does not support Brown's claim that the size of the jail population routinely leads to sexual assaults.

Finally, we affirm the district court's award of summary judgment to the County on Brown's state-law premises liability claim, which contends that the layout of the jail and the allegedly overcrowded conditions posed an

---

[8] *James*, 577 F.3d at 617.

[9] The remaining eight reports were still under investigation.

## No. 10-20213

unreasonable risk of harm. The Texas courts have held that sovereign immunity bars such claims unless the inmate can prove that a defect was the proximate cause of the assault.[10] As we have discussed, Brown has not presented evidence that would allow a reasonable jury to find a causal link between the alleged defects and the sexual assault.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[10] *See, e.g.*, *Bonham v. Tex. Dep't of Crim. Justice*, 101 S.W.3d 153 (Tex. Ct. App. 2003).